**E-FILED**
Wednesday, 01 July, 2015 03:45:20 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| BASSAM ASSAF, M.D.<br><br>Plaintiff<br><br>v.<br><br>TRINITY MEDICAL CENTER, an Illinois Not-For-Profit Corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 10-4021 |

**O R D E R**

This matter is now before the Court on Plaintiff Bassam Assaf's ("Dr. Assaf") Motion for New Trial. This matter has been fully briefed. Both Plaintiff and his counsel filed a Reply. [152],[153]. CDIL-LR 7.1(B)(3) states "no reply or response is permitted" to responsive motions. Neither Plaintiff nor his counsel filed a motion for leave setting forth the reasons why a reply was warranted. Accordingly, Plaintiff's Replies [152], [153] are STRICKEN. For the reasons set forth below, Defendant's Motion for New Trial [148] is DENIED.

**BACKGROUND**

The first order of business is to apologize to the parties for the delay in ruling on this Motion. The parties to any case are entitled to a timely resolution of motions before the Court and these post-trial motions are not timely resolved.

In August 2009, Trinity terminated Dr. Assaf from his position as medical director of the epilepsy clinic at Trinity Medical Center. When the parties were unable to agree on the terms of a new employment contract, Dr. Assaf filed a four-count breach of contract complaint in state court on February 10, 2010. On February 26, 2010, without the assistance of counsel, the parties reached an out-of-court settlement agreement that stemmed from the August 2009 termination.

The agreement provided that Dr. Assaf would receive a salary of $50,000 from 2009-2011, his employment would continue through the end of 2011, and his employment would automatically renew for an additional year unless either party gave a 90-day notice terminating the employment relationship. Less than 30 days after the parties signed the settlement agreement, Trinity breached the agreement by failing to reemploy Dr. Assaf.

The Court granted partial summary judgment in favor of Dr. Assaf's claim that Trinity breached the February 2010 settlement agreement. The only remaining issue was damages. During discovery, Dr. Assaf stated that he would be seeking damages for loss of professional fees he collected for performing certain procedures. However, the magistrate judge determined that Dr. Assaf could not seek lost professional fees because he failed to provide adequate evidence of any lost professional feels during discovery. Dr. Assaf appealed the issue of the loss of professional fees to the 7th Circuit Court of Appeals. The 7th Circuit issued their opinion on September 27, 2012, in which they held Trinity breached the settlement agreement, the magistrate judge abused his discretion by barring evidence of lost professional fees, and Dr. Assaf was entitled to damages, including loss of professional fees, from the date of his termination as Director in 2009 through 2011. The 7th Circuit remanded this matter for trial to properly ascertain Dr. Assaf's damages.

On December 15, 2014, Dr. Assaf proceeded to trial seeking lost professional fees in his private medical practice as a result of Trinity's breach of a settlement agreement. At the conclusion of the trial, the jury came back with a verdict for the Defendant. Dr. Assaf moves for a new trial pursuant to Federal Rule of Civil Procedure 59.

## DISCUSSION

### 1. Legal Standard

Rule 59(a)(1) provides, "The Court may, on motion, grant a new trial on all or some of the issues – and to any party . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). The Court should grant a Motion for a New Trial only if the verdict is against the clear weight of the evidence or the trial was unfair to the moving party." Clarett v. Roberts, 657 F.3d 664, 674 (7th Cir. 2011) (*quoting* David v. Caterpillar, Inc., 324 F.3d 851, 863 (7th Cir. 2003)). To meet this standard, the movant must demonstrate that no rational jury could have rendered a verdict against them. See Woodward v. Corr. Med. Services of Illinois, Inc., 368 F.3d 917, 926 (7th Cir. 2004). Further, a new trial motion brought pursuant to Rule 59(a) "is not merely intended to secure a forum for the relitigation of old matters or to afford the parties the opportunity to present the case under new theories; instead, the motion is a device properly used to correct manifest errors of law or fact or to present newly discovered evidence." Fort Howard Paper Co. v. Standard Havens, Inc., 901 F.2d 1373, 1380 n. 4 (7th Cir. 1990) (*quoting* Rosera v. Int'l Harvester Co., 109 F.R.D. 143, 148-49 (E.D. Wis. 1986)).

### 2. Analysis

The Court finds there was a reasonable basis in the record to support the jury's verdict. Without commenting on all the evidence, the facts are Dr. Assaf simply did not prove his case. Dr. Assaf could not say what patients he received as a result of his working as a medical director, or what patients he lost as a result of Trinity's breach of the Settlement Agreement. He produced no billing examples or patient referral examples, despite claims that he had records to show what

patients he received as a result of his role as Medical Director, to warrant a jury verdict in his favor.

Further, Dr. Assaf claims allowing Exhibit 14 into evidence prejudiced his case. Exhibit 14 was relevant and the objection was untimely and without merit. Exhibit 14 was supportive of other evidence regarding the effect of the economic downturn in the medical field during the time in question. This is relevant to the issue of whether Trinity's wrongful conduct resulted in a loss of professional fees.

The denial of Plaintiff's Motion in Limine was not error. The prior disputes with former employers were relevant as Dr. Assaf testified to the importance of maintaining relationships with other physicians in the Quad Cities to receive referrals.

Dr. Assaf also claims the Court erred by denying his Motion to Compel the production of "all written medical director agreements (neuroscience director, epilepsy, stroke, sleep, movement disorder, spine disorder or any other neuroscience subspecialty director agreement) between defendant and physicians for August 1, 2009 to the present date." As the Court held in its April 3, 2014 Order, the Court did not see the nexus between how other physicians performed their duties as a director under their respective directorship agreements to the calculation of Dr. Assaf's loss of professional fees as the directorship agreements did not provide for payment of professional fees. Accordingly, the denial of Plaintiff's Motion to Compel was not in error.

In addition, Plaintiff argues the Court applied the incorrect damages calculation. The Court found that the damages sought were consequential and not direct, requiring Dr. Assaf to prove; 1) his loss of professional fees with a reasonable degree of medical certainty; 2) Defendant's breach causes him to lose professional fees, and; 3) his potential loss was within defendant's contemplation at the time it entered into the Settlement Agreement. Nothing in the

Settlement Agreement discussed professional fees, nor did Trinity guarantee him an amount of professional fees, as cited by the defense. Illinois law provides that a party alleging a breach of contract "should be put in as good a position as he would have been had the contract been fully performed." Mohr v. Dix Mutual County Fire Insurance Co.,143 Ill. App. 3d 989, 997 (4th Dist.)(1986). Where lost profits "arose out of the breached contract, profits are presumed to have been in contemplation of the parties and are more in the nature of "general" damages." Where lost profits "arise out of a collateral transaction, profits are only recoverable if the Plaintiff establishes that those lost profits were within the contemplation of the parties at the time the contract was entered into and are in the nature of consequential damages." Dr. Assaf's dealings with private patients were collateral transactions.

Finally, the Court was clear that Dr. Sandberg was entitled to opine as an expert witness. As set out in this Court's previous Order, Dr. Sandberg's qualifications were not at issue in this case as Dr. Asaaf did not raise any challenges during briefing. Dr. Sandberg's opinion primarily concerned Dr. Newkirk's methodology. The Court allowed Dr. Sandberg to testify as to his criticisms of Dr. Newkirk's methodology and calculations as they pertained to Dr. Newkirk's opinion that Plaintiff was entitled to consequential damages. See Docket Entry No. 130. The Court finds nothing incorrect about that ruling.

**CONCLUSION**

For the reasons set forth above, Plaintiff's Reply Briefs [152], [153] are STRICKEN. Plaintiff's Motion for New Trial [148] is DENIED.

Entered this 1st day of July, 2015.

/s/ James E. Shadid
James E. Shadid
Chief United States District Judge